IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD GOLDEN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 16-cv-02440 |
| v. | ) | Judge: Andrea R. Wood |
| | ) | |
| JANG H. LIM d/b/a Dental USA, Inc, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO INTERVENE AND UNFREEZE ASSETS HELD BY JPMORGAN CHASE BANK, N.A.

Dental USA, Inc. ("DUSA"), by and through its attorney, Byung H. Whang, hereby moves this Court for an Order directing JPMorgan Chase Bank, N.A. ("Chase") and all other third party citation respondents to unfreeze DUSA's financial accounts. In support thereof, DUSA states as follows:

### BACKGROUND

1. On February 10, 2016, judgment was entered in the United States District Court for the Eastern District of Michigan in favor of Plaintiffs, Richard Golden and Beak & Bumper, LLC, and against the Defendant Jang H. Lim d/b/a Dental USA, Inc. ("Judgment"). A copy of the Judgment is attached hereto as Exhibit A.

2. The Judgment granted Plaintiffs' Omnibus Petition to Confirm and confirmed certain "Findings of Fact and Conclusions of Law and Final Award of Arbitrator" dated May 8, 2015 ("Final Award") holding that Defendant, an individual, is liable to Plaintiffs for damages in total amount of $1,264,745.59 for breaching the settlement agreement

between Defendant and Plaintiff Richard Golden ("Settlement Agreement"). A copy of the Final Award and Settlement Agreement are attached hereto Exhibit B and C, respectively.

3. On May 10, 2016, said Judgment was registered in this Court pursuant to 28 U.S.C. § 1963. *See* Dkt. 1, 21-22.

4. Thereafter, on or about May 17, 2016, Plaintiffs issued a third party citation to discover assets to JPMorgan Chase Bank, N.A. ("Chase") naming Jang H. Lim d/b/a Dental USA, Inc. as judgment debtor. *See* Dkt. 47.

5. On or about June 2, 2016, Chase responded to Plaintiffs' citation stating that it is not in possession of any assets belonging to the judgment debtor. *See* Dkt. 47.

6. Yet, Chase has been maintaining DUSA's financial accounts in its possession ("DUSA Accounts") and because judgment debtor's name on the citation contained "d/b/a Dental USA, Inc," Chase froze DUSA Accounts barring DUSA's access to its money therein.

7. Chase is refusing to unfreeze DUSA Accounts absent a court order.

## ARGUMENT

### I. DUSA is entitled to intervene in this action as a matter of right or alternatively, as a matter of permissive intervention

8. DUSA seeks to intervene under Federal Rule of Civil Procedure 24 which states, in pertinent part:

(a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
   (1) is given an unconditional right to intervene by a federal statute; or

   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

>  (b) **Permissive Intervention.**
>
>> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>>> (A) is given a conditional right to intervene by a federal statute; or
>>> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
>  ...
>
>> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
>  (c) **Notice and Pleading Required**. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

9. DUSA has a right to intervene in this case as a matter of right because DUSA Accounts has been frozen even though DUSA is not the Defendant or the judgment debtor. DUSA should be allowed to intervene in this matter as a matter right or alternatively, as a matter of permissive intervention.

10. DUSA's intervention will not unduly delay or prejudice the adjudication of Plaintiffs' rights.

II. Chase improperly froze non judgment debtor's assets

11. The Judgment was entered against the individual Defendant.

12. Judgment debtor in this supplemental proceeding is Jang H. Lim.

13. DUSA, a separate and distinct corporate entity established in 2002, was never found to be liable for any of the amount due to Plaintiff under the Judgment. *See* DUSA's Corporation File Detail Report attached hereto as Exhibit D.

14. In fact, DUSA was not even a party to the Settlement Agreement nor a defendant in Plaintiffs' breach of Settlement Agreement action.

15. DUSA is not the judgment debtor whose assets can be withheld by Chase pursuant to the Plaintiff's citations.

16. Also, Chase erroneously froze DUSA Accounts that are not owned by the Defendant.

17. DUSA Accounts are commercial accounts that have been established by using DUSA's federal employer identification number and utilized as DUSA's operating account.

18. Money held in DUSA Accounts is DUSA's operating fund which does not belong to the Defendant.

19. Money in DUSA Accounts was never held on behalf of or for the benefit of the Defendant.

20. However, with no proof that the amount in DUSA Accounts or any portion thereof in fact belongs to the Defendant, Chase is denying DUSA's access to its own fund simply because Defendant's name appears to have the trade name of "d/b/a Dental USA, Inc."

21. Withholding of DUSA Accounts, non judgment debtor's asset, without first establishing that the asset belongs to judgment debtor, is improper and unwarranted.

22. Chase must be ordered to unfreeze of DUSA Accounts immediately.

23. Moreover, the impact of such improper freeze is with significant negative repercussions as DUSA cannot make payments for payroll, federal and/or state taxes and many of its vendors and contractors.

24. Without relief from Court allowing DUSA's immediate access to DUSA Accounts and an order directing all other third party citation respondents to unfreeze DUSA's financial accounts, DUSA will suffer irreparable harm.

CONCLUSION

25. For the reasons set forth hereinabove, Dental USA, Inc. respectfully requests that this Court to enter an order directing JP Morgan Chase N.A. and all other third party citation respondents to unfreeze Dental USA, Inc.'s financial/bank accounts and award such further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/ Byung H. Whang
Byung H. Whang
Attorney for Dental USA, Inc.

B.H. Whang and Associates, Ltd.
1100 Hicks Road
Rolling Meadows, IL 60008
847-517-3696
Attny No. 6288702
brian@bhwhang.com