IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD GOLDEN and BEAK & BUMPER, LLC,<br>    Judgment Creditors,<br><br>vs.<br><br>JANG H. LIM, Doing business as Dental USA, Inc.,<br>    Judgment Debtor,<br>And<br><br>POWER DENTAL U.S.A., INC.,<br>    Third Party Respondent. | Case No. 1:16-cv-2440<br><br>District Judge: Honorable Andrea R. Wood<br><br>Magistrate Judge: Honorable Maria Valdez |

## RESPONSE TO MOTION TO VACATE CONDITIONAL JUDGMENT

Judgment Creditors Richard Golden and Beak & Bumper, LLC (the "Plaintiffs"), by their attorneys, The Stroble Law Firm, P.C., hereby respond to Third Party Citation Respondent Power Dental U.S.A., Inc.'s (the "Respondent) Motion to Vacate Conditional Judgment states as follows:

1. On August 1, 2016, Plaintiff's properly served a Third Party Citation on Respondent.

2. On November 11, 2016, Plaintiff sent notice to Respondent of its intent to seek a Conditional Judgment with a Motion and Notice of Hearing for December 1, 2016 for entry of said Judgment.

3. Respondent's counsel references a correspondence sent to present counsel as Ex. B; however, there is no actual exhibit attached to Respondent's Motion to Vacate and this office is not in receipt of any such correspondence. The file copy our firm received from Plaintiff's prior counsel does not include a copy of the correspondence attached to Third Party Respondent's Motion to Vacate as Ex. A.

4. In addition, irrespective of either correspondence being sent to present or prior counsel, it is clear that Respondent's counsel was notified of the issuance of the Third Party Citation

1

and the requirement and necessity to respond.

5. Interestingly, the only way Respondent's counsel could have been aware of present counsel, and send a letter, would have been from receiving the Motion for Entry of Conditional Judgment, as present counsel did not file or serve the original Third Party Citation for Discovery of Assets on Respondent.

6. Despite the aforementioned, Respondent's counsel never responded to the Third Party Citation as required and never filed an Appearance in this matter despite being notified of the present hearing. Again, how would they have known to send a correspondence to present counsel unless they received notice of the aforementioned hearing.

7. This Court has properly entered a Conditional Judgment against Respondent. There is no meritorious defense to this judgment as Respondent has failed to state grounds for relief from the Judgment pursuant to F.R.C.P. 60. As will be further briefed, this is just another entity of Jang H. Lim, similar to Dental U.S.A., Inc. where they have merely put the word "Power" in front of Dental U.S.A., Inc., however, carrying on the exact same operations. This issue will be further briefed before this Court at a later date.

WHEREFORE, Plaintiff requests that Respondent's Motion to Vacate Conditional Judgment be denied.

Respectfully submitted,

**RICHARD GOLDEN AND BEAK & BUMPER, LLC**

By: __/s/ Thomas L. Stroble__

Dated: December 6, 2016

Thomas L. Stroble (P67836)
Hugh A. Woodrow (P56468)
Attorneys for Plaintiff
The Stroble Law Firm, P.C.
2525 Telegraph Road, Ste. 100
Bloomfield Hills, MI 48302
Telephone (248) 454-0800

## CERTIFICATE OF SERVICE

I, Thomas L. Stroble, hereby certify that on December 6, 2016, I electronically filed the foregoing with the Honorable Andrea R. Wood and the Clerk of the United States District Court for the Northern District of Illinois by using the CM/EFC system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF electronic notification system.

I further certify that parties listed below are not CM/ECF participants. On November 11, 2016, I caused the foregoing document to be served upon those non-CM/ECF participants by U.S. Mail, with proper postage prepaid thereon, addressed as follows:

/s/ Thomas L. Stroble