# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| RICHARD GOLDEN and ) | |
| BEAK & BUMPER, LLC., ) | |
|     Judgement Creditors, ) | Case No. 1:16-cv-2440 |
| vs. ) | |
| JANG H. LIM, Doing business ) | District Judge: Honorable Andrea R. Wood |
| as Dental USA, Inc., ) | |
|     Judgement Debtor, ) | Magistrate Judge: Honorable Maria Valdez |
| And ) | |
| POWER DENTAL U.S.A., INC. ) | |
|     Third Party Respondent ) | |

## POWER'S SUR-REPLY TO CREDITORS' MOTION 133 BY THIRD PARTY RESPONDENT POWER DENTAL USA, INC.

    POWER DENTAL U.S.A., INC. ("Power"), Third Party Respondent, by and through their attorney Amy Elizabeth Paluch Epton, here provide their Court-permitted Sur-Reply to the Creditors' Reply (Document numbered 161) to Creditors' Motion 133, and for its Sur-Reply submits as follows:

    This Court granted the Creditors' unusual request for written discovery against both Third Party Citation Respondent Power and Third Party Intervenor Dental in the midst of the Creditors' quasi-summary judgment motion against those two third parties. This is, of course, unusual, since generally only non-movants are granted discovery following the filing of a summary judgment motion. This is because, as here, the movant who filed a motion for summary judgment has already attested that there

1

are no material factual disputes, and presumably does not need more evidence to support that assertion.

In this case, the Creditors added additional arguments and "facts" to their Reply to Jang Lim's Response to this Motion 133. Jang Lim's attorney objected and requested leave to file a Sur-Reply. Rather than simply grant leave to file the Sur-Reply, the Court ordered that all relevant remaining facts be put on the table, with the Creditors permitted to incorporate any newly discovered facts in a new Creditors' Reply to the Responses, and with the third parties granted leave to file a rebuttal, or Sur-Reply, following the Creditors' new Replies.

On the duly appointed date, the Creditors filed their Reply to Power's Response to Motion 133. The Creditors, however, did not file a new Reply to either Debtor Jang Lim's or Intervenor Dental's Responses to Motion 133.

Thus, the only brief filed with this Court subsequent to the Creditor's receipt of the responses to written discovery is the Creditor's Reply to Power's Response. (Docket numbered 172). Docket numbered 172, the Creditor's Reply to Power's Response, contains not one single citation to information provided by any of the discovery that the Creditors issued.

And given that the Creditors did not file a new Reply against Debtor Jang Lim or Intervenor Dental, this means that the results of the discovery gave the Creditors not one single new fact that assisted the Creditors in making a claim for fraud. That failure to find supporting information did not, however, prevent the Creditors from continuing to assert that they are entitled to a Judgment against Third Party Power, facts be damned.

**Creditor's Reply to Power's Response to Motion 133**

The Creditor's Reply to Power consists of five simple declarative sentences. The first, that Power "admits" transferring "virtually everything" from Dental is completely false. Power emphatically does not admit that statement, and wholly disavows any truth to it. That statement is also completely void of record citation, and should be stricken or at least ignored on that basis alone.

The second sentence "Because Judgment Debtor was the sole shareholders [sic] of Dental, the Judgment Creditors are entitled to those assets," is an argument with no citation to the law to support it.

The third sentence – that there is no requirement for a finding of fraud to transfer the Judgment, and that fraud was "very likely," is an admission that the Creditors found nothing in the discovery responses to support the Creditors' allegations of fraud. "Very likely" is not a legal adjective that supports any inference of fraud, and does not fit the qualifications for the burden the Creditors must overcome for a finding of fraud.

The fourth sentence - that res judicata does not apply if a party "didn't exist" prior to the "various proceedings" is not a correct statement of the law.

The fifth and final sentence – that Power was set up solely to transfer assets from Jang Lim and Dental for the purpose of evading the creditors – is not supported by a single shred of evidence. The few assets that were transferred were transferred in a legitimate and arm's length transactions, with fair market value paid for them.

## Creditors Are Not Entitled to Transfer the Judgment to Power

It cannot be over-emphasized that the Creditors' are seeking a wholly improper remedy. They do not simply seek return of assets that claim were fraudulently transferred. No, the Creditors claim that they are entitled to seek to transfer the entire $1 million+ Judgment to a corporation that purchased only a portion of the assets of Dental. The Creditors have provided no case law to support this radical and over-reaching remedy. That is because there is no such case law.

In fact, when creditors allege that assets were improperly transferred, the most that they can get is a return of the assets, not transfer of the entire judgment. For example, in *Patek v. Alfaro (In re Primera Energy, LLC)*, the court ruled that the Plaintiffs were required to show what specific assets they alleged had been improperly transferred to a third party – they were not entitled to transfer the entire judgment.. *Patek v. Alfaro (In re Primera Energy, LLC),* 2015 Bankr. LEXIS 3691, *13 (Bankr. W.D. Tex. Oct. 28, 2015).

So too in this case, the Creditors are making the ridiculous claim that Third Party Powere, which had absolutely no involvement in the eight years of underlying litigation, should now be responsible for the entire judgment. As the Creditors themselves have stated, in their argument against res judicata, Third Party Power did not even exist during the litigation that resulted in the judgment. It would be a manifest injustice to transfer the judgment to an innocent third party, which did not even exist when the actions giving rise to the judgment took place.

## CONCLUSION

Liability against Power must be barred by res judicata; by failure to provide Power with its due process rights; by failure to demonstrate that Power has done anything fraudulent; and by failure to demonstrate any "unity of interest" between Power and Jang Lim, or between Power and Dental.

WHEREFORE Power Dental requests that this Court deny Motion 133 as it pertains to Power Dental USA Inc.

By:
  /s/ Amy E. Paluch Epton
  One of Power Dental USA's Attorneys

Amy Elizabeth Paluch-Epton, Esq.
MIRAE LAW, LLC.
1701 GOLF ROAD, SUITE 1-1106
Rolling Meadow, IL 60008
(847) 297-4224
amy@epton.org

## **CERTIFICATE OF SERVICE**

      I, Amy Elizabeth Paluch Epton, hereby certify that on June 2, 2017, I electronically filed **Power Dental's Sur-Reply to Motion 133** with the Honorable Andrea R. Wood and the Clerk of the United States District Court for the Northern District of Illinois by using the CM/EFC system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF electronic notification system.

                                              /s/ Amy E. Paluch Epton
                                              One of the Power Dental's Attorneys

Amy Elizabeth Paluch-Epton, Esq.
MIRAE LAW, LLC.
1701 GOLF ROAD, SUITE 1-1106
Rolling Meadow, IL 60008
(847) 297-4224
amy@epton.org