**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard Golden, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 16-cv-2440 |
| | ) | |
| Jang Lim, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Jang Lim's Sur-Reply**

Jang Lim ("Jang"), by his attorneys, Bert Zaczek and Amy Pikarsky, states for his Sur-Reply:

**Introduction**

The Court granted permission for Jang and the other non-Plaintiffs to file Sur-Replies. Dkt. 171. This arose because after the Plaintiffs filed their Motion to deem the judgment enforceable against non-parties, they filed Replies that raised new arguments and sought to compel discovery with the intent to raise arguments in their Reply to Power Dental that they hadn't included in their Motion.

The Plaintiff's Reply to Power Dental makes accusations about Jang, Dental USA and Power Dental USA. And it seeks relief that affect all three. Consequently, this Sur-Reply relates both to the Reply specifically directed to Jang as well as the Reply to Power Dental that make accusations about Jang.

The Plaintiffs Motion is Dkt. 133. Jang's Response is Dkt. No. 151. The Plaintiffs' Reply to Jang is Dkt. No. 160. The Reply to Power Dental is Dkt. No. 172.

**Argument**

**I.    The Plaintiffs Reply to Power Dental USA (Dkt. 172)**

The Plaintiffs characterized for the Court what the evidence supposedly shows.  Yet they refuse to present any of it.  It's remarkable because it's their Motion and they have the burden pf proof[1].

Nonetheless, their characterizations are untrue.  When they claim at ¶ 1 of their Reply that Dental USA "admits transferring everything from Dental USA, Inc. including all assets, advertising material and websites", that's just another in a long line of fabrications.

Although it's hard to imagine something worse than a fabrication, the Plaintiffs top it at ¶ 2 of their Reply where they double down on the fabricated information and insist that there's a legal significance to it.  They claim that because Jang was the sole shareholder of Dental USA, the putative transfer of all assets to Power Dental means the Plaintiffs are entitled to those assets. They refuse to cite any authority.  In fact, they don't even reference the name of any applicable legal doctrine.

Our best guess is that they're trying to make this situation sound like a violation of the Illinois Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* ("FTA").  But if that's what they're doing, they lose at every level.  Jang doesn't deny that Dental USA transferred some assets to Power Dental USA.  But it wasn't for free. And it wasn't all of the assets.  The evidence produced in discovery shows that some equipment and some inventory were transferred for considerable value.

But the FTA is a means for creditors to recover assets transferred by *debtors*.  740 ILCS 160/5(a)(1) and (2).  That subsection says that if a debtor transfers assets to hinder, delay or defraud a creditor *or* if the debtor transfers assets for less than reasonably equivalent value *and*

---

[1] The cases for this are in Jang's Response (Dkt. 151) in Section III(A)(1).

the debtor couldn't meet its existing or expected obligations, then the creditor can recover the assets.

But Dental USA isn't a debtor. The judgment was only against Jang. A corporation and its shareholders are distinct entities even when the corporation is owned by one entity or the two entities have dealings with each other. *Steiner Elec. Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 44, 401 Ill. Dec. 852, 863, 51 N.E.3d 45, 56 citing *Selcke v. Hartford Fire Ins. Co.*, 158 Ill. 2d 166, 172, 198 Ill. Dec. 404, 406, 632 N.E.2d 1015, 1017 (1994) ("A corporation is a legal entity separate and distinct from its shareholders, directors, and officers.") So the Plaintiffs lose from the start because the corporation can't violate the FTA by transferring its assets since it isn't the judgment debtor.

The Plaintiffs tried to make Dental USA a debtor in the Michigan arbitration and in the District Court of Michigan case where they sought enforcement, but they lost on that point. The Michigan District Court explained:

> The Court has addressed this argument: the Arbitrator awarded nothing to End Product Results nor did the Arbitrator require Dental USA to pay anything. Thus, there is no 'discernable liability directed toward or damages awarded to non-parties.

Exhibit 1 of Jang's Response, p. 34 (second full paragraph).

The Plaintiffs argument also fails on the next level. The transfer (by the debtor) has to be made with the actual intent to hinder, delay or defraud a creditor *or* the transfer must be for less than the reasonably equivalent value at a time the debtor couldn't meet its existing or expected obligations. 740 ILCS 160/5(a)(1) and (2). The Plaintiffs don't attempt to show any of the elements for either test. But a transfer for cash by itself wouldn't meet the first prong - an attempt to hinder, delay or defraud a creditor - because it's easier for a creditor to satisfy a judgment with cash than equipment and inventory. The "hindered" test is really for situations

3

where the transfer resulted in an asset with less liquidity. As for the adequacy of the consideration, the Plaintiffs have presented nothing to dispute the sales prices were appropriate.

## II.     The Plaintiffs' Reply to Jang (Dkt. 160)

### A.     The Plaintiffs Raised a New but Unsubstantiated Argument

In their Reply to Jang (Dkt. 160), the Plaintiffs claim that both the arbitrator and the court that confirmed the arbitration award found that Lim failed to observe corporate formalities. Pltfs' Reply, p. 2. The Plaintiffs never raised those points in their Motion. Consequently, the argument is an unfair attempt to add something new.

It's also another misrepresentation. The Plaintiffs don't reference any exhibit let alone cite a specific page where they claim that finding has already been made. They knew this exact issue would come up when they filed their Reply to Power Dental on May 19, 2017, at Dkt. 172, because Jang had filed a proposed sur-reply as an exhibit on April 24, 2017 with this very point. Dkt. 169.

The Plaintiffs don't provide any explanation about this in their Motion, either. They attached 21 exhibits to it (counting Exhibit F which is only a cover page that says "To Be Provided" but which they never actually provided). None of the exhibits include the findings alleged. The most likely places they would be the Plaintiffs' Exhibits "A" and "C" which are the court's Opinion Confirming the Arbitral Award and the Arbitrator's Findings of Fact, Conclusions of Law and Final Award of Arbitrator. They clock in at 107 pages combined. Yet a review of them reveals no findings like those alleged by the Plaintiffs.

## III.     The Plaintiffs Have Grossly Misrepresented Jang's Argument and their Own

The Plaintiffs have falsely claimed that *Jang* argued that Dental USA and Power Dental USA were not parties to the arbitration. Pltfs' Motion, pp. 3-5. Jang made no such argument in

his Response.  Plaintiffs use their misrepresentation as a launching pad to then claim that they couldn't have named Dental USA as a party to the arbitration because it wasn't a party to the arbitration agreement.

But even that argument is a misrepresentation.  The Plaintiffs sought to make Dental USA liable in the arbitration but lost.  This is apparent from the decision affirming the Arbitration Award:

> The Court has addressed this argument:  the Arbitrator awarded nothing to End Product Results nor did the Arbitrator require Dental USA to pay anything.  Thus, there is no 'discernable liability directed toward or damages awarded to non-parties.

Exhibit 1 to the Response, p. 34, second full paragraph.

Two other points are also noteworthy.  First, the Plaintiffs Motion seeks relief based solely on the fact that Jang is the sole shareholder of Dental USA and controls it.  Remarkably, in their Reply the Plaintiffs deny that that's what they alleged in their Motion (this comes from p. 1 of their Reply).  Yet the caption to their *first* argument (p. 9 of their Motion) says "DUSA is entirely owned and controlled by Jang H. Lim.  Thus, any assets held by or on behalf of DUSA are the property of Lim."

As a practical matter, trying to pierce the corporate veil doesn't make sense when there's just one owner.  A judgment creditor is entitled to seek a turnover of the judgment debtor's assets (so they can be sold).  735 ILCS 5/2-1402(a)(1).  Those assets include the shares of any companies that he owns.  *Wells Fargo Bank Minn., N.A. v. Envirobusiness, Inc.*, 2014 IL App (1st) 133575, ¶ 1, 387 Ill. Dec. 243, 245, 22 N.E.3d 125, 127; *Scholes v. Lehmann*, 56 F.3d 750, 758 (7th Cir. 1995) (in addressing piercing claims generally, the court noted "Even in one-man corporations it is a rarity because a simple transfer of the indebted shareholder's stock to his creditors will usually give them all they could get from seizing the assets directly.")

The only logical explanation for why the Plaintiffs don't want to simply take the shares is that they understand that if they own the company, they'll likely be found to owe Dental USA's other creditors a fiduciary duty that prevents them from simply giving the company's money to themselves. *Paul H. Schwendener, Inc. v. Jupiter Elec. Co.*, 358 Ill. App. 3d 65, 75, 293 Ill. Dec. 893, 903, 829 N.E.2d 818, 828 (1st Dist. 2005) ("Generally, corporate officers owe a fiduciary duty only to the corporation and its shareholders. However, once a corporation becomes insolvent, the fiduciary duty of an officer is extended to the creditors of the corporation.")

Second, if the Plaintiff's aren't proceeding against Dental USA due to Jang's sole ownership of it, then whatever their claim is, it's barred by the 5-year statute of limitations in 735 ILCS 5/13-205 (that's the longest statute of limitations arguably relevant since there's no written agreement. Other limitations periods are even shorter). Illinois law would control because Dental USA is an Illinois company, the actions at issue arose in Illinois, the case is here, and, according to the Plaintiffs, there's no contract to make any other state's law applicable. The Settlement Agreement reveals that the conduct at issue started in 2009. Exhibit B to the Plaintiffs' Motion.

## IV.    Plaintiffs' Argument about Evidence is Nonsensical

The Plaintiffs' argument about the admissibility of putative evidence is factually wrong and legally unsupportable. The Plaintiffs have not even tried to demonstrate that any of the documents they presented with their Motion were presented in any other proceeding or that those documents were found to be admissible. But assuming some were presented at the arbitration, the Plaintiffs acknowledge that Dental USA wasn't a party to that proceeding. So if the Plaintiffs want to insist that Dental USA couldn't be a party to the arbitration, then there's no way it agreed to the admissibility of any of the documents.

Moreover, the notion that a document supposedly admissible in another case for some issues should be automatically admissible in a later case for different purposes is absurd. It's ironic that the Plaintiffs say that Jang's actions have been "reprehensible" yet they make such unsupportable arguments.

The case cited by the Plaintiffs to support their untrue argument that they don't need to prove fraud to go after assets that Power Dental purchased from Dental USA is used out of context. The Plaintiffs cited *Bentley v. Glen Shipley Enter., Inc.*. 619 N.E.2d 816, 819 (Ill. App. Ct. 1993). But the holding is about the impact of a citation to discover assets on the debtor's property. There's a material distinction between Jang's property and Dental USA's property.

**Wherefore**, Defendant Jang Lim requests that the Court deny the Plaintiffs' Motion to Deem Judgment Enforceable.

Respectfully submitted,

Jang Lim

/s/Bert Zaczek

Bert Zaczek
Amy Pikarsky
311 N. Aberdeen, Suite 200-D
Chicago, Illinois 60607
T: 312-527-1090
Attorney I.D. 6217079
Attorney I.D. 6290464