**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD GOLDEN and BEAK & BUMPER, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | No. 16-cv-02440 |
| v. | ) ) | Judge Andrea R. Wood |
| JANG H. LIM, d/b/a. Dental USA, Inc., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In September 2009, Richard Golden sued Jang H. Lim d/b/a Dental USA, Inc. for patent infringement and the case eventually settled. Golden subsequently claimed that Lim failed to abide by the terms of the settlement agreement and invoked an arbitration clause in the settlement agreement to resolve their dispute. Golden and a related entity, Beak & Bumper, LLC (collectively with Golden, "Plaintiffs"), prevailed in the resulting arbitration and in a subsequent federal action to confirm the arbitration award. Plaintiffs then brought the instant action in this Court to register and enforce the judgment. Now before this Court is Plaintiffs' motion to deem the judgment enforceable against Dental USA, Inc. and Power Dental USA, Inc. (Dkt. No. 133). Dental USA, Inc. and Power Dental USA, Inc. oppose the motion. For the reasons explained below, the motion is denied.

## BACKGROUND

Golden sued Lim for patent infringement. (Dkt. No. 133-1 at 4.) In December 2009, the parties entered into a settlement agreement ("Settlement Agreement") to resolve the lawsuit. Golden subsequently claimed that Lim violated the terms of the Settlement Agreement and, in December 2011, Golden invoked the arbitration clause of the Settlement Agreement. (Dkt. No.

133-1 at 5.) In May 2015, the arbitrator issued a final award ("Arbitration Award") in favor of

Plaintiffs that awarded Plaintiffs $1,264,746 and a permanent injunction. (Dkt. No. 133-1 at 6,

10.) In March 2015, Plaintiffs filed an action in the United States District Court for the Eastern

District of Michigan seeking to confirm the Arbitration Award (Case No. 15-cv-10795). (Dkt.

No. 133-1 at 10.) On February 10, 2016, the district court confirmed the Arbitration Award and

entered judgment ("Judgment") against Lim d/b/a Dental USA, Inc. (Dkt. No. 133-1 at 37–38.)

On February 19, 2016, Plaintiffs initiated this case by filing a petition for registration of a

foreign judgment. (Dkt. No. 1.) On May 10, 2016, this Court entered a Memorandum of

Judgment. (Dkt. No. 22.) After initially denying Dental USA, Inc.'s request to intervene, on

November 3, 2016, the Court entered an order allowing Dental USA, Inc. to intervene for the

limited purpose of contesting the disposition of assets held in its name and subject to the present

supplemental proceedings. (Dkt. No. 104.) On December 1, 2016, this Court entered an order for

conditional judgment against Power Dental USA, Inc. (Dkt. Nos. 116, 117.) On January 10,

2017, Plaintiffs filed the instant motion seeking to have the Judgment deemed enforceable

against Dental USA, Inc. and Power Dental USA, Inc. (Dkt. No. 133.)

## DISCUSSION

### I.     Lack of Clarity as to Legal Bases for Motion

As an initial matter, Plaintiffs' motion lacks clarity as to the legal bases upon which they

purport to rely in support of the requested relief. Other than one isolated case citation, the first

fifteen pages of the motion offer nothing more than Plaintiffs' recitation of facts and arguments

indicating that it would be unfair to deny them access to funds held by Dental USA, Inc. and

Power Dental USA, Inc. Then, on page sixteen of the motion, Plaintiffs argue that

"*[a]dditionally*, this court should pierce the 'corporate veil.'" (Pls.'s Motion to Deem the

Judgment Enforceable Against Dental USA, Inc. and Power Dental USA, Inc. ("Mot.") at 16, Dkt. No. 133) (emphasis added). However, it is entirely unclear what the legal basis or claim was for the relief sought in the first fifteen pages of the motion. In the interest of justice and judicial economy, instead of ordering Plaintiffs to clarify or refile the motion, the Court has attempted to discern the legal bases upon which Plaintiffs rely for the relief requested.[1] The Court will address below the legal issues touched upon in Plaintiffs' motion and reply.

## II.       Piercing the Corporate Veil

Plaintiffs argue that the Court should pierce the corporate veils of Dental USA, Inc. and Power Dental USA, Inc. They provide extensive arguments in their motion and reply relating to the factors considered by courts when deciding whether to allow a plaintiff to pierce the corporate veil. Plaintiffs, however, fail to acknowledge that under Illinois law, piercing the corporate veil does not fall within the purview of supplemental proceedings. Pursuant to Federal Rule of Civil Procedure 69, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The Seventh Circuit has indicated that in Illinois, "the allegations that must be made to pierce the corporate veil do not fall within the scope of supplemental proceedings. . . ." *Dexia Credit Local v. Rogan*, 629 F.3d 612, 622–23 (7th Cir. 2010) (citing *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) and *Pyshos v. Heart–Land Dev. Co.*, 630 N.E.2d 1054, 1057 (Ill. App. Ct. 1994));[2] *Star Ins. Co.*, 561 F.3d at 660 (stating that "because 'Rule 69 conforms

---

[1] Plaintiffs reference certain legal bases for the first time in their reply brief. Ordinarily, arguments presented for the first time in a reply would be untimely. But in this instance, the opposing parties have been given an opportunity to file a sur-reply.

[2] In rejecting the use of the piercing-the-corporate-veil theory in supplemental proceedings, the *Pyshos* court noted that "an action to pierce the corporate veil does not require any allegations that assets of the

collection proceedings to state law,' we have previously held that Illinois courts likely would not 'permit veil-piercing in supplementary proceedings under § 5/2–1402'") (quoting *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996)); *Lange v. Misch*, 598 N.E.2d 412, 414 (Ill. App. Ct. 1992) (finding that piercing the corporate veil is improper in a supplemental proceeding because a "supplementary proceeding is not an appropriate vehicle to impose a judgment against a third party who does not possess assets of the judgment debtor"); *see also Harris Custom Builders, Inc. v. Hoffmeyer*, 2001 WL 811661, at *7 (N.D. Ill. 2001) (noting that a district court decision allowed the theory of piercing the corporate veil to be used in supplemental proceedings, but subsequent Seventh Circuit and state appellate court decisions made clear that such is improper in supplemental proceedings). Plaintiffs have not addressed this issue in their briefs; nor have they cited any federal or state authority authorizing the invocation of a piercing-the-corporate-veil theory in supplemental proceedings. Based upon the current federal and state precedent, this Court concludes that such a theory is improper in this supplemental proceeding.

The Court notes that it is not finding that Plaintiffs are foreclosed from seeking to pierce the corporate veil of Dental USA, Inc. and Power Dental USA, Inc. The Court is merely holding that Plaintiffs must file a separate action to do so. *See Roofers' Pension Fund v. Robinson Roofing, Inc.*, No. 09 C 5914, 2010 WL 4962820, at *3 (N.D. Ill. Dec. 1, 2010) (noting that although the plaintiff could not pierce the corporate veil in the supplemental proceedings, the plaintiff could still "file a new case in state court to pierce the corporate veil"); *Lange,* 598

---

judgment debtor corporation are in the hands of the third-party shareholders or directors" and that "the only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." 630 N.E.2d at 1057. There is a distinction between seeking to find that a party is a judgment debtor and seeking to recover funds from a party that received funds from a judgment debtor.

N.E.2d at 415 (stating that instead of attempting to pierce the corporate veil in the supplemental proceedings the plaintiff "should instead have filed . . . a separate petition to pierce the corporate veil, thereby providing [the individual] with appropriate notice of the claim, the remedy sought, and an appropriate pleading on which separate proceedings could have been held").

### III.    Request to Disregard Corporate Designations Based on Fairness

Plaintiffs present extensive argument essentially asking the Court simply to disregard the corporate designations of Dental USA, Inc. and Power Dental USA, Inc. and allow Plaintiffs to access their assets based upon some undefined inherent right to justice and fairness. Plaintiffs provide no precedent to support such a theory and this Court declines to create such a novel cause of action. The fact remains that, although Plaintiffs pursued litigation against Lim d/b/a Dental USA, Inc., Plaintiffs did not name Dental USA, Inc. or Power Dental USA, Inc. as defendants, and they were not parties in the arbitration or confirmation action. The Settlement Agreement and arbitration merely involved Lim d/b/a Dental USA, Inc.[3] The Judgment registered in this case has not been entered against Dental USA, Inc. or Power Dental USA, Inc.

There is a long history in the law holding that a corporation is a distinct and separate legal entity from its owner. *Xtra Lease, LLC v. United Transp., Inc.*, No. 10 CV 5993, 2011 WL 1748619, at *5 (N.D. Ill. May 5, 2011) (stating that "a corporation is a legal entity that stands separate and distinct from its owners, directors"); *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 977 (N.D. Ill. 2008) (stating that "[a] corporate owner or employee is considered distinct from the corporation itself"); *Red Barn Motors, Inc. v. NextGear Capital, Inc.*, No. 1:14-CV-01589-TWP-DKL, 2017 WL 1133707, at *19 (S.D. Ind. Mar. 27, 2017) (stating that "[a]

---

[3] The Arbitrator indicated that the arbitration award was not against Dental USA, Inc. and the subsequent court confirmation of the award confirmed that fact. (Dkt. No. 133-1 at 28, 35). Plaintiffs also admit that "the Arbitrator herself never made a finding of fact or conclusion of law as to Dental USA, Inc.'s liability." (Reply at 5.)

corporate owner is distinct from the corporation because the corporation is a legally different entity with different rights and responsibilities due to its different legal status") (internal quotations omitted) (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)); *Earp v. Schmitz*, 79 N.E.2d 637, 639 (Ill. App. Ct. 1948) (stating that "[t]here is no controversy about the rules that a corporation is a distinct entity"). This Court cannot disregard the corporate status of Dental USA, Inc. or Power Dental USA, Inc., which are recognized entities under Illinois law. As explained above, Plaintiffs may seek to pierce the corporate veil to attempt to hold such corporations liable, but Plaintiffs must do so in a separate action.

## IV. Successor Liability

Plaintiffs also reference facts that relate to the theory of successor liability. (Mot. at 7; Pls.'s Reply in Support of their Motion to Deem the Judgment Enforceable Against Dental USA, Inc. and Power Dental USA, Inc. ("Reply") at 6, Dkt. No. 160.) The Seventh Circuit has held that "[s]uccessorship or absence thereof might seem irrelevant because a successor corporation, in the sense of a corporation that has purchased all the assets of another corporation which then dissolves, does not inherit its predecessor's liabilities, . . .[b]ut that is in general, not in every case." *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 419 F.3d 594, 599 (7th Cir. 2005). The Seventh Circuit further has stated that "[a] 'continuation exception to the rule of successor corporate nonliability applies when the purchasing corporation is merely a continuation or reincarnation of the selling corporation.'" *Id.* (quoting *Vernon v. Schuster*, 688 N.E.2d 1172, 1176 (Ill. 1997)); *see also* Fed. R. Civ. P. 25(c) (stating that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party"). In the instant action, there is no basis for successor liability. The only arguments by Plaintiffs regarding a successor

corporation are Plaintiffs' claim that Lim created Power Dental USA, Inc. to funnel assets away

from Dental USA, Inc. Plaintiffs argue that the two corporations are one and the same. As

explained above, however, the judgment in this case was not entered against Dental USA, Inc. In

the absence of a piercing of the corporate veil, Dental USA, Inc.'s successor entity is irrelevant.

Therefore, there is no basis to apply successor liability in this matter.

### V.        Violation of Settlement Agreement

Plaintiffs further argue that the Judgment should be enforceable against Dental USA, Inc.

and Power Dental USA, Inc. because Lim agreed in the Settlement Agreement to bind himself

and any entity he owned or controlled. Plaintiffs, however, in making such an argument, lose

sight of the basis for the instant action and its current procedural posture. Plaintiffs registered the

Judgment here and are now pursuing supplemental proceedings. If Plaintiffs believe that Dental

USA, Inc. and Power Dental USA, Inc. can be held liable for violating terms of the Settlement

Agreement, then Plaintiffs can pursue an action against them for such violation. The instant

action involves a judgment entered against Lim only and his "d/b/a." As with piercing the

corporate veil, to pursue claims against Dental USA, Inc. and Power Dental USA, Inc. for

violating the Settlement Agreement, Plaintiffs must file a new action.

### VI.        Fraudulent Transfer of Assets

Lastly, Plaintiffs make reference in their reply to fraudulent transfers of Assets. (Reply at

3). As indicated above, a court may determine in supplemental proceedings "whether a third

party is holding assets of the judgment debtor that should be applied to satisfy the judgment."

*Pyshos* 630 N.E.2d at 1057. To be clear, that is not the same as seeking to hold a third party

liable under the Judgment, which is what Plaintiffs request in the title of their instant motion. The

bulk of the evidentiary materials presented by Plaintiffs with the instant motion relate to piercing

the corporate veil, which as explained above, is improper in this matter. Plaintiffs have failed to present evidence to support a theory that Lim transferred personal assets to Dental USA, Inc. or Power Dental USA, Inc. that should be subject to the Judgment. Therefore, the instant motion is denied without prejudice to the extent it is based on a fraudulent-transfer-of assets theory. If Plaintiffs believe that they can present sufficient evidence to support such a theory or that an evidentiary hearing is necessary, Plaintiffs may file a new motion.[4]

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to deem the judgment enforceable against Dental USA, Inc. and Power Dental USA, Inc. (Dkt. No. 133) is denied in part and denied without prejudice in part. The motion is denied without prejudice to the extent that it is based on a fraudulent transfer of assets theory.

ENTERED:

Dated: November 12, 2018

_____
Andrea R. Wood
United States District Judge

---

[4] Since the motion has been denied without prejudice, the Court has not addressed the arguments by Dental USA, Inc. that Plaintiffs are barred from seeking to enforce the judgment against Dental USA, Inc. based upon the doctrines of *res judicata* and collateral estoppel. If Plaintiffs decide to pursue a new motion, they must address such issues.